Daniel F. **BARRETT** and Margaret G. Barrett, Plaintiffs,

v.

**UNITED STATES** of America, Defendant.

Edgar B. **GARNER** and Evelyn T. Garner, Plaintiffs,

v.

The **UNITED STATES** of America, Defendant.

Civ. A. Nos. 3199, 3254.

United States District Court
S. D. Mississippi.

March 20, 1962.

William E. Logan, Gulfport, Miss., deQuincy V. Sutton, Meridian, Miss., for plaintiffs.

Edwin R. Holmes, Jr., Asst. U. S. Atty., Jackson, Miss., for defendant.

COX, District Judge.

Barrett (an Inspector) and Garner (a Patrolman) with Mississippi Highway Patrol sue the United States for the recovery of income taxes collected on a deficiency assessment for 1959. The Patrol reimbursed Barrett in the amount of $1360 and reimbursed Garner in the amount of $1149 for their personal funds expended primarily for meals and in some part for stamps in the line of duty during the year. The state law fixes the salary of these taxpayers and such statutory salaries were periodically paid by separate check. On such paydays the Patrol reimbursed these public employees for their own monies expended by them to defray such necessary expenses incurred in the line of duty by pre-arrangement therefor. These reimbursements in each instance represent

the exact amount of the taxpayers' money actually paid out, principally for meals as aforesaid. These employees work on twelve hour shifts and are subject to call for twenty-four hours a day. These reimbursements were paid for such reimbursable expenses incurred only while actually on duty. The State reimburses for meal expenses as much as $4.00 per day and no more. The employee must certify that he actually consumed the meals and that he paid the stated amount therefor. The Plaintiffs contend that these reimbursements do not represent compensation for services but represent reimbursements for out-of-pocket expenses in the line of duty and the Court agrees with that view.

The Court finds as a fact that Garner expended $1149 and that Barrett expended $1360 in 1959 for reimbursable out-of-pocket expenses and that the reimbursement of said amounts did not in anywise or to any extent represent income compensation for any services rendered by said taxpayers to the State during said year.

## CONCLUSIONS OF LAW

The State paid these taxpayers the full amount of their statutory salary representing their entire compensation for the year 1959 by separate salary checks. The checks of the State of Mississippi given to these taxpayers during 1959 to reimburse them for meals, stamps, etc., did not represent compensation for services during said year and did not constitute gross income within the definition thereof contained in 26 U.S.C.A. § 61. That these expenditures of these taxpayers would not have been deductible as an allowable expense does not argue or in anywise establish that these reimbursable expenses constituted income. The Congress has not seen fit to enact a statute making such money income. The Commissioner cannot, under the guise of an interpretation, enlarge upon a tax statute and create a tax incident where none otherwise exists.

It is the opinion of the Court that these Plaintiffs are entitled to a judgment against the United States for the amount of their taxes plus interest, without costs. An order accordingly may be presented for entry.